**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, | |
| and | |
| ZURU LTD., | |
| and | |
| ZURU INC., | |
| and | Case No. 6:15-CV-00551-RWS-JDL |
| ZURU LLC, | |
| and | |
| ZURU PTY LTD., | |
| and | |
| ZURU UK LTD., | |
|     Plaintiffs, | |
| v. | |
| TELEBRANDS CORP., | |
| and | |
| BULBHEAD.COM, LLC, | |
| and | |
| BED BATH & BEYOND INC., | |
|     Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TELEBRANDS
CORP., BULBHEAD.COM, LLC, AND BED BATH & BEYOND INC.
TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants Telebrands Corp. ("Telebrands"), Bulbhead.com, LLC ("Bulbhead"), and Bed Bath and Beyond Inc. ("Bed Bath"), (collectively, "Defendants"), by and through their attorneys, hereby answer the Third Amended Complaint of Plaintiffs Tinnus Enterprises, LLC ("Tinnus"), ZURU Ltd., ZURU Inc., ZURU LLC, ZURU Pty Ltd., and ZURU UK Ltd. (collectively, "Plaintiffs"). Dkt. 345. Unless specifically admitted, Defendants deny each allegation in the Third Amended Complaint and state as follows:

**AS TO THE ALLEGATIONS CONCERNING THE NATURE OF THE ACTION**

1.    Defendants admit that Plaintiffs brought this action, but deny the remaining allegations contained in Paragraph 1 of the Third Amended Complaint.

**AS TO THE ALLEGATIONS CONCERNING THE PARTIES**

2.    On information and belief, Defendants admit that Tinnus is a limited liability company organized under the laws of Texas. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Third Amended Complaint, and therefore deny those allegations.

3.    On information and belief, Defendants admit that ZURU Ltd. is a company organized under the laws of Hong Kong. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Third Amended Complaint, and therefore deny those allegations.

4.    On information and belief, Defendants admit that ZURU Inc. is a company organized under the laws of the British Virgin Islands. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Third Amended Complaint, and therefore deny those allegations.

5.      On information and belief, Defendants admit that ZURU LLC is registered with the Oregon Secretary of State as a domestic limited liability company with offices listed in El Segundo, California. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Third Amended Complaint, and therefore deny those allegations.

6.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Third Amended Complaint, and therefore deny those allegations.

7.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Third Amended Complaint, and therefore deny those allegations.

8.      Telebrands admits that it is a corporation organized under the laws of New Jersey with its principal place of business at 79 Two Bridges Road, Fairfield, New Jersey.

9.      Bed Bath admits that it is a corporation organized under the laws of New York with its corporate headquarters at 650 Liberty Avenue, Union, New Jersey.

10.     Bulbhead admits that it is a limited liability company organized under the laws of Delaware with its principal place of business at 79 Two Bridges Road, Fairfield, New Jersey.

## AS TO THE ALLEGATIONS CONCERNING JURISDICTION AND VENUE

11.     Defendants admit that the Third Amended Complaint in this action purports to allege claims against Defendants based on alleged patent infringement arising under the United States patent statutes, 35 U.S.C. § 1, et seq. Defendants deny the substantive allegations of the Third Amended Complaint and deny that Plaintiffs are entitled to any relief. Telebrands and

Bulbhead deny that this judicial district is a proper venue for patent claims asserted against Telebrands and Bulbhead in this judicial district.

12.     The allegations of paragraph 12 assert conclusions of law to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction to the extent that the Third Amended Complaint alleges patent infringement claims arising under Federal law. Defendants deny that the Court has subject matter jurisdiction over this action on the grounds and to the extent that all Plaintiffs do not have sufficient rights in the patents-in-suit and lack standing to sue for patent infringement.

13.     The allegations of paragraph 13 assert conclusions of law to which no response is required. To the extent that a response is required, Defendants deny that they are subject to the general jurisdiction of this Court. Defendants admit that products of the Defendants may be found in this Judicial District and that the Court may exercise specific personal jurisdiction in this Judicial District only for purposes of this action and only with respect to claims the Plaintiffs asserted in this action in the Third Amended Complaint. Defendants deny the remaining allegations of paragraph 13 of the Third Amended Complaint and deny the allegations that their actions constitute acts of infringement in this Judicial District or elsewhere.

14.     The allegations of paragraph 14 assert conclusions of law to which no response is required. To the extent that a response is required, Telebrands and Bulbhead deny that venue for the claims of patent infringement is proper in this Judicial District. Telebrands and Bulbhead are not incorporated in this Judicial District and do not reside in this Judicial District under 28 U.S.C. § 1400(b), the patent venue statute. Telebrands and Bulbhead deny that they have committed acts of infringement in this Judicial District or elsewhere and deny that they have a regular and established place of business in this Judicial District.

## AS TO THE ALLEGATIONS CONCERNING THE PATENT-IN-SUIT

15.    Defendants admit that Exhibit A to the Third Amended Complaint appears to be a copy of the '066 Patent that bears an issue date of June 9, 2015, which is entitled "System and Method for Filling Containers with Fluids."   Defendants deny the remaining allegations in paragraph 15.

16.    The allegations of paragraph 16 assert conclusions of law as to which no response is required. To the extent that a response is required, Defendants deny that "ZURU" is the exclusive licensee of the '066 patent and deny Plaintiffs have standing to sue for infringement.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 16 and therefore denies those allegations.

## AS TO THE ALLEGATIONS CONCERNING THE FACTS

17.    Defendants admit that Joshua Malone is the only person named as an inventor on the '066 Patent. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore deny those allegations.

18.    Defendants admit that Mr. Malone asserts that he developed product now marketed as "Bunch O Balloons." Defendants deny that the product is "revolutionary" or "new." Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 18 and therefore deny those allegations.

19.    Defendants admit that, as of the date of this Answer, there is a website advertising a product called "Bunch O Balloons" at http://www.buybunchoballoons.com. Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 19 and therefore deny those allegations.

20.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore deny those allegations.

21.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore deny those allegations.

22.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 22 and therefore deny those allegations.

23.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore deny those allegations.

24.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore deny those allegations.

25.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore deny those allegations.

26.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore deny those allegations.

27.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 and therefore deny those allegations.

28.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 28 and therefore deny those allegations. Defendants deny the characterization of the product as "novel."

29.     Defendants deny the allegations directed to "Mr. Malone's invention." Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 29 and therefore deny those allegations.

30.    Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 30 and therefore deny those allegations.

31.    Defendants deny the allegations directed to Mr. Malone's "unique invention." Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 31 and therefore deny those allegations.

32.    Defendants deny the allegations directed to "Mr. Malone's invention." Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 32 and therefore deny those allegations.

33.    Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore deny those allegations.

34.    Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore deny those allegations.

35.    Defendants deny the allegations that the Balloon Bonanza, Battle Balloons, Battle Balloons Color Combat, and Battle Balloons Color Burst products are "infringing." Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 35 and therefore deny those allegations.

36.    Defendants deny the allegations directed to "Mr. Malone's invention." Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 36 and therefore deny those allegations.

37.    Defendants admit that a website www.bunchoballoons.com exists as of the date of this Answer.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 37 and therefore deny those allegations.

38.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 38 and therefore deny those allegations.

39.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 39 and therefore deny those allegations.

40.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 40 and therefore deny those allegations.

41.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 41 and therefore denies those allegations.

42.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 42 and therefore deny those allegations. Defendants also deny the vague allegations that "ZURU" performed a particular action.

43.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 43 and therefore deny those allegations. Defendants also deny the vague allegations that "ZURU" performed a particular action.

44.     Telebrands denies the allegations of paragraph 44 of the Third Amended Complaint. Paragraph 44 contains no allegations directed at Bed Bath or Bulbhead, which deny the allegations in paragraph 44 on information and belief based on the foregoing denial of Telebrands. Defendants deny the characterization of the product as "extremely successful."

45.     Telebrands denies the allegations of paragraph 45 of the Third Amended Complaint.  Paragraph 46 contains no allegations directed at Bed Bath or Bulbhead, which deny the allegations in paragraph 46 on information and belief based on the foregoing denial of Telebrands.

46.     Telebrands denies the allegations of paragraph 46 of the Third Amended Complaint. Paragraph 46 contains no allegations directed at Bed Bath or Bulbhead, which deny the allegations in paragraph 46 on information and belief based on the foregoing denial of Telebrands.

47.     Telebrands denies the allegations of paragraph 47 of the Third Amended Complaint. Paragraph 47 contains no allegations directed at Bed Bath or Bulbhead, which deny the allegations in paragraph 47 on information and belief based on the foregoing denial of Telebrands. Defendants deny the characterization of the campaign as "wildly successful."

48.     Defendants object to the inclusion of the allegations of paragraph 48 of the Third Amended Complaint regarding other litigation as immaterial, impertinent, and/or scandalous matter. To the extent that a response may be required, Telebrands admits that it has been named as a party to other litigations, the filings in which are of public record. Telebrands and Bulbhead deny the allegation of wrongdoing in unrelated matters. Paragraph 48 contains no allegations directed at Bed Bath, which is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 48 regarding other lawsuits in which Telebrands may have been named and therefore denies those allegations.

49.     Defendants object to the inclusion of the allegations of paragraph 49 of the Third Amended Complaint regarding Mr. Khubani as immaterial, impertinent, and/or scandalous matter. Paragraph 49 also does not identify the source of the alleged statement. To the extent that a response may be required, Telebrands admits Ajit Khubani is the CEO and founder of Telebrands. Telebrands on information and belief admits that such a reference has been made in connection with Mr. Khubani but denies the assertion and the sentiment suggested therein. Paragraph 49 contains no allegations directed at Bed Bath, which is without sufficient knowledge to form a belief

as to the truth or falsity of the allegations in paragraph 49 regarding the alleged statement made with respect to Mr. Khubani and therefore denies those allegations.

50.    Defendants object to the inclusion of the allegations of paragraph 50 of the Third Amended Complaint as immaterial, impertinent, and/or scandalous matter. To the extent that a response may be required, Defendants admit Exhibit C contains photographs of a book and that the quoted language exists to the extent it appears in book cited. Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 46 and therefore denies those allegations.

51.    Defendants object to the inclusion of the allegations of paragraph 51 of the Third Amended Complaint as immaterial, impertinent, and/or scandalous matter. To the extent that a response may be required, Defendants admit Exhibit D contains photographs of a book and that the quoted language exists to the extent it appears in book cited. Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 51 and therefore denies those allegations.

52.    Defendants object to the inclusion of the allegations of paragraph 52 of the Third Amended Complaint as immaterial, impertinent, and/or scandalous matter. To the extent that a response may be required, Telebrands admits that a suit was initiated in August 2014 and denies the allegation of wrongdoing in unrelated matters. Paragraph 52 contains no allegations directed at Bed Bath, which is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 48 and therefore denies those allegations.

53.    Defendants object to the inclusion of the allegations of paragraph 53 as immaterial, impertinent, and/or scandalous matter. To the extent that a response may be required, Telebrands admits that it currently is not a BBB accredited business.  Telebrands and Bulbhead are without

sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 53 and therefore deny those allegations. Paragraph 53 contains no allegations directed at Bed Bath, which is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 53 and therefore denies those allegations.

54.    Telebrands and Bulbhead deny the allegations contained in Paragraph 54 of the Third Amended Complaint. Bed Bath is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54 of the Third Amended Complaint, and therefore denies those allegations.

55.    Telebrands and Bulbhead admit that the letter did not identify any intellectual property rights owned by any Zuru entity and that Telebrands sold its product after the date of the letter. Bed Bath is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 55 of the Third Amended Complaint, and therefore denies those allegations.

56.    Telebrands and Bulbhead admit that Telebrands' counsel sent an email to Zuru Limited on December 23, 2014. Telebrands and Bulbhead deny the remaining allegations contained in Paragraph 56 of the Third Amended Complaint. Bed Bath is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 of the Third Amended Complaint, and therefore denies those allegations.

57.    Telebrands and Bulbhead admit that Telebrands' Executive Vice President met with Ms. Anna Mowbray in Hong Kong on February 10, 2015. Telebrands and Bulbhead deny the remaining allegations contained in Paragraph 57 of the Third Amended Complaint. Bed Bath is without sufficient knowledge or information to form a belief as to the truth of the allegations

contained in Paragraph 57 of the Third Amended Complaint, and therefore denies those allegations.

58.    Bed Bath denies the allegations contained in Paragraph 58 of the Third Amended Complaint.  Telebrands and Bulbhead are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 of the Third Amended Complaint, and therefore denies those allegations.

59.    Telebrands and Bulbhead admit the allegations contained in Paragraph 59 of the Third Amended Complaint.  Bed Bath is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 of the Third Amended Complaint, and therefore denies those allegations.

60.    Telebrands and Bulbhead deny the allegation in the first sentence of Paragraph 60 "that Bulbhead is an affiliate of Telebrands."  Telebrands and Bulbhead admit the remaining allegations contained in Paragraph 60 of the Third Amended Complaint.  Bed Bath is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of the Third Amended Complaint, and so denies them.

61.    The allegations contained in Paragraph 61 of the Third Amended Complaint constitute conclusions of law and Plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, Defendants deny the allegations contained in Paragraph 61 of the Third Amended Complaint.

62.    The allegations contained in Paragraph 62 of the Third Amended Complaint constitute conclusions of law and Plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, Defendants deny the allegations contained in Paragraph 62 of the Third Amended Complaint.

## AS TO THE ALLEGATIONS CONCERNING COUNT I
## INFRINGEMENT OF THE '066 PATENT

63.     Defendants incorporate by reference their responses to paragraphs 1 through 62 set forth above.

64.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64 of the Third Amended Complaint, and therefore deny those allegations.

65.     Telebrands and Bulbhead deny the allegations contained in Paragraph 65 of the Third Amended Complaint.  Bed Bath is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65 of the Third Amended Complaint, and therefore denies those allegations.

66.     Telebrands and Bulbhead admit that Telebrands sold the Balloon Bonanza product after the communication from Plaintiffs.  Telebrands and Bulbhead deny the remaining allegations contained in Paragraph 66 of the Third Amended Complaint.  Bed Bath is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66 of the Third Amended Complaint, and therefore denies those allegations.

67.     Defendants deny the allegations contained in Paragraph 67 of the Third Amended Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Third Amended Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Third Amended Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Third Amended Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny any and all allegations not specifically admitted above and deny that Plaintiffs are entitled to the relief sought in its prayer for relief, including without limitation, the paragraphs labeled A-I, or any other relief.

## DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Plaintiffs' burden of proof on their affirmative claims against Defendants, and reserving their right to assert additional defenses, Defendants allege and assert the following defenses in response to the allegations by Plaintiffs. Defendants specifically reserve all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
### (Improper Venue)

1.      Venue over the patent infringement claims asserted against Telebrands and Bulbhead is improper in this Judicial District. Telebrands and Bulbhead do not reside in this Judicial District or have a regular and established place of business in this Judicial District. Bed Bath, which is headquartered in New Jersey, alleges that venue is inconvenient and not in the interests of justice.

## SECOND DEFENSE
### (Lack of Standing)

2.      ZURU Ltd., ZURU Inc., ZURU LLC, ZURU Pty Ltd., and ZURU UK Ltd. are not proper parties and lack standing to bring claims against Defendants.

14

## THIRD DEFENSE
### (Failure to State a Claim for Relief)

3.    The Third Amended Complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE
### (Impertinent Allegations)

4.    Plaintiffs' Third Amended Complaint contains immaterial, impertinent, and scandalous matter which should be stricken pursuant to Fed. R. Civ. P. 12(e), including, without limitation, paragraphs 48-53.

## FIFTH DEFENSE
### (Patent Invalidity)

5.    The '066 Patent is invalid for failure to comply with one or more requirements for patentability under law, including but not limited to the requirements of 35 U.S.C. §§ 102, 103, and/or 112. Defendants reserve all invalidity defenses to the extent that estoppel does not apply.

## SIXTH DEFENSE

### (Patent Non-Infringement)

6.    Defendants do not infringe, have not infringed, and are not liable for any infringement of any valid enforceable claim of the '066 Patent.

## SEVENTH DEFENSE
### (Unclean Hands)

7.    Plaintiffs' claims are barred under the doctrine of unclean hands. Plaintiffs have improperly used this litigation to solicit sales, improperly made claims of alleged lost profits to which they are not entitled, and also have tortiously communicated with Telebrands' customers, such as making incorrect assertions that Defendants infringed a product without a patent.

**EIGHTH DEFENSE**
**(No Injunctive Relief)**

8.      Plaintiffs are not entitled to an injunction or any other equitable remedy, because they have an adequate remedy at law.

**NINTH DEFENSE**
**(Patent Abandonment and Standing)**

9.      Plaintiffs are not entitled to damages or injunctive relief for any period during which the '066 Patent was abandoned.

10.     In prosecuting the '066 Patent, on September 22, 2014, Tinnus certified under 35 U.S.C. § 122(b)(2)(B)(i) that "the invention disclosed in the application has not and will not be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication of applications at eighteen months after filing."

11.     On March 10, 2015, Tinnus, Josh Malone, and/or Zuru filed a foreign patent application. Tinnus, Josh Malone, and/or Zuru also filed two additional foreign patent applications on April 7, 2015. Neither Tinnus, Josh Malone, nor Zuru disclosed the pending foreign applications to the USPTO until, at the earliest, September 10, 2015.

12.     Section 122(b)(2)(B)(iii) of Title 35 of the United States Code states that "[a]n applicant who has made a request under clause (i) but who subsequently files, in a foreign country or under a multilateral international agreement specified in clause (i), an application directed to the invention disclosed in the application filed in the Patent and Trademark Office, shall notify the Director of such filing not later than 45 days after the date of the filing of such foreign or international application. A failure of the applicant to provide such notice within the prescribed period shall result in the application being regarded as abandoned."

13.     On June 9, 2015, the USPTO issued the '066 Patent without any knowledge or notice of the pending foreign patent applications.

14.     On or about September 10, 2015, Tinnus and/or Zuru filed a notice of foreign filing with the USPTO.

15.     On or about September 10, 2015, Tinnus and/or Zuru filed a petition with the USPTO stating, among other things, that the "above-identified application became abandoned" under the "forty-five (45) day period set forth in 35 U.S.C. 122(b)(2)(B)(iii)."

16.     By operation of law, the '066 Patent's application was abandoned as of at least April 25, 2015 due to a failure to notify the USPTO of any of the above-referenced foreign filings within 45 days of the filings.  The application and corresponding '066 Patent are abandoned or alternatively remained abandoned until at least September 10, 2015. Plaintiffs are not entitled to damages during any period of abandonment; and Plaintiffs do not have standing to sue while the '066 Patent and/or its application is abandoned.

Dated: July 27, 2018

Respectfully Submitted,


By: *W. Lance Lee*
W. Lance Lee
State Bar No. 24004762
5511 Plaza Drive
Texarkana, TX 75503
Tel: (903) 223-0276
wlancelee@gmail.com

Gregory Love
State Bar No. 24013060
LOVE LAW FIRM, PC
greg@lovetrialfirm.com
107 E. Main Street
Henderson, TX 75652
Tel: (903) 212-4444

Robert T. Maldonado (admitted *pro hac vice*)
Rmaldonado@cooperdunham.com
Tonia Sayour
tsayour@cooperdunham.com
Laura A. Alos
lalos@cooperdunham.com
Vishal J Parikh
vparikh@cooperdunham.com
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: 212-278-0400

*Attorneys for all Defendants*

Morgan Chu (mchu@irell.com)
Richard Birnholz (rbirnholz@irell.com)
Grace Chuchla (gchuchla@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Tel: 310-277-7010


*Attorneys for Defendants Telebrands Corp. and Bulbhead.com, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on July 27, 2018.

*/s/ W. Lance Lee*
W. Lance Lee